

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2004

# USA v. Romero

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4554

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Romero" (2004). *2004 Decisions.* Paper 569.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/569

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 03-4554

———————

UNITED STATES OF AMERICA,


v.

HECTOR ROMERO
a/k/a
"King Sacci"

Hector Romero,

                                              Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Dist. Court No. 0314-1:02-cr-198-02)
District Judge: Hon. Sylvia H. Rambo

———————

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2004

Before: NYGAARD, MCKEE and CHERTOFF, Circuit Judges

(Filed:   June 30, 2004)

———————

OPINION

———————

1

CHERTOFF, Circuit Judge

Appellant Hector Romero appeals from a judgment of sentence imposing a 120-month term of imprisonment, a $200 special assessment, and a $300 fine. He argues that the District Court erred (1) when determining the amount of cocaine that should be used to calculate his sentence under the United States Sentencing Guidelines ("Guidelines"); and (2) by imposing a sentence that differed from those his co-defendants received. For the following reasons, we will affirm.

I.

On October 23, 2002, a grand jury indicted Hector Romero, Vladamir Marquez, Jason Santos, and Shana May on charges of (1) manufacturing, distributing, and possessing with the intent to manufacture and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) conspiring to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. After initially pleading not guilty, Romero entered into a plea agreement with the government. Pursuant to the plea agreement the government filed a superceding information charging Romero with violations of the interstate transportation in aid of racketeering statute, 18 U.S.C. § 1952(a)(3), and Romero pled guilty to the charges.

The others charged in the original indictment took differing paths. The federal charges against Marquez were eventually dismissed. May pled guilty and (after the

government moved for a downward departure) she received a sentence of 18 months imprisonment, a $100 special assessment, and one year of supervised release. As of the time Romero filed this appeal, Santos's case appeared to be heading to trial but the District Court had granted his motion for a continuance.

Romero's sentencing hearing occurred before the District Court on November 21, 2003. Romero disputed the quantity of drugs set forth in his Presentence Report, which reported the amount of drugs involved as 24 kilograms. He conceded, however, that he had distributed or possessed with intent to distribute 4.5 kilograms. App. 85a-87a. The Court therefore calculated Romero's Guidelines sentence based on that amount.

II.

Romero first argues that the District Court erred in calculating his sentence based on 4.5 kilograms of cocaine. As we have explained, however, Romero conceded at his sentencing hearing that he distributed or possessed with the intent to distribute 4.5 grams. Yet at the hearing he stated that he "returned" two kilograms. Romero argues that this statement creates ambiguity that precluded the District Court from determining the quantity of drugs by a preponderance of the evidence. We disagree. Romero's admission was more than adequate for the District Court to find by a preponderance of the evidence that 4.5 kilograms of cocaine were involved. The District Court's factual determination was not clearly erroneous. See, e.g., United States v. Torres, 209 F.3d 308, 311 (3d Cir.

3

2000).

Alternatively, Romero urges us to adopt a rule that "drugs possessed for distribution should not be counted for guideline purposes if they are returned to the original supplier for credit after the possessor is arrested." Romero Br. 17. We need not dwell on this argument; simply stating it reveals its demerits. Suffice it to say that when a person possesses illegal drugs with the intent to distribute them, that person's culpability is no less however he finally disposes of the drugs.

Romero's second argument is that the District Court erred when it imposed a sentence that differed from the sentences his co-defendants received. We noted the following, however, in United States v. Yeaman:

> Generally, disparities in sentences among co-defendants do not constitute a valid basis for downward departure in the absence of any proof of prosecutorial misconduct. In fact, several other circuits have rejected challenges to shorter sentences for similarly situated co-defendants when the shorter sentences were a result of plea bargaining or government assistance.

248 F.3d 223, 230 (3d Cir. 2001) (citations omitted); see also United States v. Drozdowski, 313 F.3d 819, 824 n.3 (3d Cir. 2002); United States v. Hart, 273 F.3d 363, 379 (3d Cir. 2001). Romero makes no allegations of prosecutorial misconduct. Rather, he attempts to distinguish this case on the basis that his sentence differed from his co-defendants due to "charge bargaining," the practice where the government agrees to charge a defendant with a lesser crime in exchange for a guilty plea. We see no basis to give weight to the distinction Romero urges. See United States v. Stanley, 928 F.2d 575,

4

582-83 (2d Cir. 1991), <u>cited in</u> <u>Yeaman</u>, 248 F.3d at 230. The alleged disparity is not a valid basis to challenge Romero's sentence.

## III.

For the reasons stated above, we will affirm the District Court's judgment.

———————